IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-554-BO

| | |
|---|---|
| HAROLD EATMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 27 & 29]. A hearing on this matter was held in Raleigh, North Carolina on August 20, 2014 at 11:00 a.m. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff is a 42 year old man who worked as a fork-lift operator. On July 15, 2003, Mr. Eatmon filed applications for disability insurance benefits and supplemental security income with an onset date of January 16, 2003. On April 16, 2007, Mr. Eatmon returned to work and his case proceeded for a determination of whether he was disabled for the closed period between January 16, 2003 and April 16, 2007. On May 15, 2011, this Court found that he was disabled for the closed period. *Eatmon v. Astrue*, No. 5:10-CV-25-BO (E.D.N.C. May 15, 2011).

On September 25, 2009, before this Court rendered its favorable decision, Mr. Eatmon once again stopped working due to exacerbated back and hip pain. Later suffering a gunshot

wound making things worse, Mr. Eatmon filed this, his second claim for disability insurance benefits and supplemental security income on December 6, 2010, alleging an onset date of September 25, 2009. This application was denied initially and upon reconsideration. Subsequently, at plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing and then rendered an unfavorable decision on May 31, 2012. The Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Mr. Eatmon was 38 years old when he filed the instant claim for benefits. He has completed the ninth grade and last worked as a fork-lift operator, medium, semi-skilled work. Mr. Eatmon complains of back and hip problems, glaucoma, a fractured pelvic bone, and a gunshot wound through the small intestine.

## **DISCUSSION**

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis

2

requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, plaintiff alleges that the ALJ erred by finding that he can bend occasionally. Specifically, plaintiff notes that the ALJ relied upon *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999), to establish his functional capacities. [DE 75, 87]. However, plaintiff argues that the decision to which the ALJ applied *Albright* was not the Court's order of May 15, 2011 as it should have been, but rather the decision of ALJ Seery dated May 18, 2009, which found that Mr. Eatmon could occasionally bend. [DE 75, 87]. ALJ Seery's decision was the exact decision this Court reversed because of Mr. Eatmon's inability to bend. Thus, plaintiff argues, if *Albright* applies then Mr. Eatmon is disabled.

3

Defendant objects that *Albright* does not direct the Commissioner to simply adopt an earlier decision in determining his ability to work for purposes of his current claims. Further, she argues that plaintiff clearly had improved at some point, and returned to a state of being able to bend because he returned to work for a period of two years. Therefore, the Commissioner argues that her duty is to consider the prior finding as evidence and give it appropriate weight in light of relevant facts and circumstances including whether the condition was subject to change, the likelihood of such a change, the time elapsed since the earlier decision, and the extent to which evidence not considered in the prior claim provides a basis for making a different finding in the current claim. Social Security Acquiescence Ruling 00-1(4).

However, here, the ALJ's decision did not discuss the prior finding of this Court at all, much less discuss the appropriate weight due the finding considering the relevant facts and circumstances. [DE 24–37]. Accordingly it is clear that substantial evidence does not support the decision of the Commissioner. As "no fact finder has made any findings as to [weight afforded the prior decision] or attempted to reconcile that evidence with the conflicting and supporting evidence in the record[,]" this Court must remand the case for further consideration as it cannot make findings and determinations in the first instance. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). Further, upon remand, the Commissioner must provide a discussion, not merely a conclusory statement, as to whether or not plaintiff's glaucoma qualifies as a severe impairment. [DE 27].

4

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This 26 day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE